**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1743**

LONNIE GARNER,

        Plaintiff – Appellee,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:08-cv-00304-BO)

Submitted: April 11, 2011        Decided: June 21, 2011

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Reversed by unpublished per curiam opinion.

Tony West, Assistant Attorney General, George E. B. Holding, United States Attorney, Thomas M. Bondy, Ian J. Samuel, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Diane S. Griffin, CHARLES HALL LAW FIRM, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Commissioner of the Social Security Administration appeals the district court's order remanding to the agency Lonnie Garner's application for disability insurance benefits and supplemental security income benefits for additional intelligence testing. The Commissioner argues that the district court improperly shifted the burden of proof. The Commissioner asserts that his decision is supported by substantial evidence and that Garner is not entitled to additional intelligence testing where the physician administering the initial test concluded Garner minimized his performance. We agree.

The district court granted Garner's motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). Pursuant to the Federal Rules of Civil Procedure, a district court should treat a motion for judgment on the pleadings as a motion for summary judgment where "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). Because the district court considered the administrative record, we review the district court's order as the grant of summary judgment, and therefore renew it de novo, using the same standards of review applied by the district court. See Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008). We review the Commissioner's disability determination under the highly deferential substantial evidence standard. See 42 U.S.C.

2

§ 405(g) (2006); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson, 434 F.3d at 653 (internal quotation marks omitted). This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the Commissioner's decision. Id.

Garner bears the burden of proving that he is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(5) (2006); English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993). The Commissioner uses a five-step process to evaluate a disability claim. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2010). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, we conclude that Garner has failed to meet his burden and that the Commissioner's finding that Garner is not disabled is supported by substantial evidence. At step two, the administrative law judge ("ALJ") determined that Garner had a

3

combination of impairments that qualify as severe.[*]  However, at step three, where Garner retains the burden of proof, the ALJ found that Garner's impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, app. 1.  Because Garner minimized his performance on the IQ test, thereby invalidating the result, the only evidence he presented arguably establishing any mental impairment consisted of, first, school records from the ninth grade reporting scores on a national aptitude test placing him in the upper borderline to lower average range of intelligence, and second, a mental residual functional capacity assessment finding Garner "not significantly limited" in a majority of the twenty categories assessed, and no more than "moderately limited" in any category. Garner is not entitled to additional tests because he chose to invalidate the results of the initial evaluation.  See Lax v. Astrue, 489 F.3d 1080, 1086-89 (10th Cir. 2007); Longworth v. Comm'r of Soc. Sec. Admin., 402 F.3d 591, 597-98 (6th Cir. 2005); Johnson v. Barnhart, 390 F.3d 1067, 1070-71

---

[*] Although the ALJ failed to list these impairments at step two, the analysis at step three makes it clear that the ALJ found Garner's severe impairments included status-post gunshot wound, status-post S1-S2 laminectomy, mild radiculopathy, and post-traumatic stress disorder.  Accordingly, Garner has failed to show that he was harmed by the ALJ's drafting error.  See Shinseki v. Sanders, 129 S. Ct. 1696, 1706 (2009) (stating party attacking agency determination bears the burden of showing that an error was harmful).

(8th Cir. 2004); <u>Markle v. Barnhart</u>, 324 F.3d 182, 184-86 (3d Cir. 2003).

Accordingly, we reverse the district court's remand order and uphold the Commissioner's disability determination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REVERSED</u>